UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

JEFFERY STEPHEN LAWRENCE GREEN            CASE NO. 17-10058
MEMORY C. GREEN
DEBTORS                                    CHAPTER 7

SE PROPERTY HOLDINGS, LLC
      PLAINTIFF

V.                                         ADV. NO. 17-1017

JEFFERY STEPHEN LAWRENCE GREEN
      DEFENDANT

## MEMORANDUM OPINION

Plaintiff SE Property Holdings, LLC sued defendant Jeffery Stephen Lawrence Green to except a judgment debt from discharge. The court granted the defendant's motion for summary judgment on all but a single claim at a January 31, 2018 hearing.[1] Plaintiff timely filed a Rule 9023 Motion to Alter, Amend, or Vacate Partial Summary Judgment [P-55] but failed to set the motion for hearing as required by the district's Local Rules[2] until nearly three months later, when it moved *ex parte* to have the court set a hearing on its motion.[3] The plaintiff knew for months that its motion was unresolved yet failed to bring it before the court.

That issue is merely ancillary, however, to the underlying defects in the motion for reconsideration itself. Plaintiff seeks rehearing under Fed. R. Civ. P. 59, made applicable by Fed. R. Bankr. P. 9023. The Fifth Circuit has held that:

---

[1] February 9, 2018 order granting in part and denying in part defendant's Motion for Summary Judgment [P-51].

[2] At the outset of the March 9 trial the court noted that the plaintiff's motion had not been set for hearing. Trial transcript, p. 5, lines 6-9 [P-70].

[3] Plaintiff's Motion to Set Plaintiff's Rule 9023 Motion for Hearing [P-75].

> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment…Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)(internal citations omitted).

To prevail on a motion under Rule 9023, the mover must clearly establish either a manifest error of law or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

The plaintiff's Rule 9023 motion on its face shows that SEPH cannot meet the standard for reconsideration of the court's judgment.

First, the plaintiff's motion points to no evidence unavailable to it at the time of the original hearing.

Next, plaintiff argues that the court inappropriately evaluated the content of the documents submitted to support the defendants' motion for summary judgment. "Consideration of the gap of time between the entities' last receipt of any of the subject funds and the letter from SEPH denying the entities the ability to use receivables constitutes a consideration of the weight of the evidence."[4] But plaintiff's motion is premised on a misconstruction of the court's ruling. The defendants' prevailed because plaintiff did not rebut their evidence that Vision Bank had consented to the defendants' companies' use of money in the ordinary course of business. Specifically, the affidavit of defendants' business manager showed that the funds were used for business purposes and Vision Bank knew of their receipt and use of the funds from cash flow reports the defendants periodically sent it at the time the defendants used the money. SEPH's

---

[4] Plaintiff's Motion to Set Plaintiff's Rule 9023 Motion for Hearing [P-75], ¶7.

later refusal to consent to its use did not create a dispute of fact precluding summary judgment: no weighing of evidence was necessary.

Plaintiff failed to show a genuine issue of material fact regarding Vision Bank's acquiescence in the defendants' use of the funds between the defendants' companies' receipt of the money[5], and SEPH's refusal in 2012 to permit its use.

Because nothing in the plaintiff's motion suggests a basis for reconsidering the court's earlier ruling[6] the court denies the plaintiff's motion for rehearing.

Baton Rouge, Louisiana, May 21, 2018.

                    **s/ Douglas D. Dodd**
                    DOUGLAS D. DODD
        UNITED STATES BANKRUPTCY JUDGE

---

[5] According to the debtor's business manager, of the $7.2 million owed by Livingston Parish all but $25,930.35 was received by September 2, 2010. (Defendant's Motion for Summary Judgment [P-38], exhibit 2, ¶6.)

[6] Plaintiff's effort to shore up its case by submitting another affidavit, including information omitted from an earlier affidavit of the same witness, is inappropriate on the record of this case in any event.